```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Daniel L. Rittner, Sr.,          :

      Plaintiff,             :     Case No. 2:05-cv-1041

  v.                              :     JUDGE SARGUS

Sidney Thrower, et al.,          :

      Defendants.            :

<u>ORDER AND REPORT AND RECOMMENDATION</u>

    Plaintiff, Daniel L. Rittner, Sr., a state prisoner, filed this action under 42 U.S.C. §1983 alleging, *inter alia*, a denial of his right of access to the courts, denial of medical care, and retaliation for filing grievances. This matter is before the Court to consider Mr. Rittner's motion for default judgment, motion to order meaningful access to this court, motion for evidentiary hearing, motion to determine status of defendant Sidney Thrower, and motion for temporary stay of court costs. For the following reasons, this Court recommends that Mr. Rittner's motion for default judgment be denied. Further, Mr. Rittner's motion to determine the status of defendant Sidney Thrower is granted. Finally, Mr. Rittner's motion to order meaningful access to this court, motion for temporary stay of court costs, and motion for evidentiary hearing are denied.

                                   I.

    On November 17, 2005, Mr. Rittner filed a complaint and an application to proceed *in forma pauperis*. After reviewing the request, this Court granted Mr. Rittner's application and ordered that a summons and a copy of the complaint be served on Messrs. Thrower and Wolfe, who, according to the complaint, are a prison psychologist and prison warden employed at the Noble Correctional

Institution ("NCI").  The order provided that "[e]ach defendant is ORDERED to answer or otherwise respond to the complaint within forty-five (45) days...."

As evidenced in the record, a summons and a copy of the complaint was mailed by the United States Marshal to NCI.  Someone at that institution accepted the mailing on behalf of Messrs. Thrower and Wolfe on December 27, 2005.  On January 24, 2006, Mr. Rittner filed a motion for default judgment claiming that both defendants failed to "plead or defend against the complaint sub judice, pursuant to FRCP 55(a)."  Plaintiff's motion for default judgment at p. 1.  In response, Mr. Wolfe asserted that the forty-five day time frame had not expired when Mr. Rittner filed a motion for default judgment.  Further, Mr. Thrower, entering a limited appearance to respond to Mr. Rittner's motion, claimed that he was not properly served because he was not employed at NCI on December 27, 2005.  Mr. Thrower asserts that he terminated his employment at NCI in early 2005, and a mail room attendant incorrectly accepted service of process for him.  Further, Mr. Thrower states that the Ohio Department of Rehabilitation and Correction notified the Clerk of Court for the United States District Court for the Southern District of Ohio of the error.  On February 9, 2006, Mr. Wolfe filed an answer.

Preliminarily, this Court notes that because Mr. Wolfe filed his answer on February 9, 2006, he filed within the forty-five day time frame directed by this Court.  Accordingly, this Court recommends that the motion for default judgment against Mr. Wolfe be denied.  This Court will now examine the motion for default judgment against Mr. Thrower.

In this Court, by agreement of the Ohio Attorney General's office, service of process may be made in prison cases filed against prison officials by certified mail delivery, initiated by the Marshal.  Such service does not reach persons who are no

longer employed by the State of Ohio, however. In the instant case, it appears that Mr. Thrower was not employed at NCI when service was effectuated on December 27, 2005. Accordingly, because Mr. Thrower no longer worked there, the certified mailing did not constitute good service. However, rather than dismiss Mr. Thrower as a defendant, this Court recommends that Mr. Rittner be given 60 days within which to provide the Marshal with sufficient information to perfect service on Mr. Thrower, and that such service be perfected within 90 days. If that does not occur, Mr. Thrower may be dismissed from this lawsuit. Further, Mr. Rittner's motion to determine the status of defendant Sydney Thrower is granted. Mr. Thrower has not been served, and Mr. Rittner must arrange to have him a summons and a copy of the complaint within 90 days by following the instructions contained in this order.

II.

In Mr. Rittner's motion to order meaningful access to courts, Mr. Rittner requests that this Court order the warden of the Allen Correctional Institution ("ACI") "to provide meaningful access to this Court...by providing copy service, copies, postage and necessary stationary supplies and envelopes." Plaintiff's motion to order meaningful access to this court at p. 1. Further, Mr. Ritter requests this Court

> to issue an order to Jesse Williams, warden, Allen Correction Institution, ODRC, to provide Plaintiff unimpeded access to the courts regardless of the indigency standard set forth in ODRC poilcy 56 LEG 01 ($9) where Plaintiff has NOT been able to seek medical care for serious medical needs or to purchase hygiene since July 2002.

Id. at p. 2. In response, Mr. Wolfe argues that the warden at ACI is not a party in this case, and, therefore, this Court cannot order a non-party to comply with Mr. Rittner's request.

3

This Court agrees with Mr. Wolfe. In this case, the ACI warden is not a party to this lawsuit, and, therefore, this Court cannot order the ACI warden to provide Mr. Rittner "meaningful access" to the courts.

### III.

Next, Mr. Rittner moves this Court for a one-year stay of court costs. The motion states that the "[p]laintiff moves this Court for a temporary stay order for one (1) year in order to allow him to pursue his criminal conviction (actions) which include the purchase of documents of exculpable evidence...." Motion for temporary stay of court costs at p. 1. Moreover, Mr. Rittner contends that, because of his indigent status and need for medical care, he must choose between court access and medical attention. Mr. Rittner claims that he "has not sought any medical care or purchase more than $6 in hygiene since July 2002 where he is forced to choose access to courts in his criminal conviction." Id. at pp. 1-2 (emphasis omitted).

This Court rejects Mr. Rittner's argument that he is hindered from accessing courts to prove his innocence with exculpatory evidence because of the Prison Litigation Reform Act's filing fee requirement. See, e.g., Hampton v. Hobbs, 106 F.3d 1281, 1284 (6th Cir. 1997)("The fee requirements placed on prisoners under the [PLRA] do not deprive them of adequate, effective, and meaningful access to the courts"). Further, this Court finds no merit in Mr. Rittner's argument that, because of the filing fees, he has no money to purchase hygiene or seek medical care.

Under 28 U.S.C. §1915(b), Mr. Rittner is required to pay only partial filing fees proportional to Mr. Rittner's inmate balance, which is consistent with constitutional requirements. As the Sixth Circuit Court of Appeals noted in Hampton:

> While the amendments to section 1915 require

4

> the prisoner to pay an initial partial filing
> fee and monthly payments thereafter, those
> requirements are tempered significantly by
> the other provisions of the Act.  The Act
> requires a court to collect the initial fee
> only when "funds exist."  Therefore, a
> prisoner without funds will not be denied
> access to a federal court based on his
> poverty.  Congress made this point explicit
> in subsection (b)(4) of the statute, which
> provides that "[i]n no event shall a prisoner
> be prohibited from bringing a civil action or
> appealing a civil or criminal judgment for
> the reason that the prisoner has no assets
> and no means by which to pay the initial
> partial filing fee."  28 U.S.C. §1915(b)(4).
>
> Moreover, once the initial filing fee is
> paid, the payments are slight.  The Act
> requires a prisoner to pay the monthly charge
> of 20 percent of his preceding month's income
> only if the account exceeds ten dollars
> ($10).  If the prisoner has less than ten
> dollars ($10) in his account, no payment is
> required for that month.  28 U.S.C.A.
> §1915(b)(2).

Id. at 1284-85.

This Court notes that the PLRA does not contain a "stay" provision that exempts inmates from paying the required filing fees or monthly charge.  Instead, as the Hampton Court noted, the inmate's financial responsibility is adjusted according to the inmate's monthly balance, which allows an inmate to purchase hygiene products without being burdened with monthly charges if the inmate's balance falls below ten dollars.  Accordingly, because requiring inmates to pay court costs is a constitutionally permissible and reasonable PLRA requirement, this Court sees no reason to carve out an exception for Mr. Rittner and allow him to file freely without paying the requisite fees.

5

IV.

Finally, in the last motion addressed in this order, Mr Rittner "moves this Court to order an evidentiary hearing to determine and find the Plaintiff was unavoidably delayed in the filing and meeting the time limitation in the filing of complaints related to [the] complaint sub judice." Motion for evidentiary hearing to find plaintiff was/is unavoidably delayed at p. 1. The motion states that

> [p]laintiff listed 24 complaints in the original complaint in <u>Attachment II</u> which will demonstrate reasons for the retaliation by the Defendants. These complaints were NOT listed in the original complaint due **EXCLUSIVELY** to lack of finances [sic] and the fact that the Plaintiff was **DENIED** the use of adequate law library or persons trained in the law.

<u>Id.</u> (emphasis in original).

A review of the complaint reveals that "Attachment II" is attached as a portion of the complaint on the docket. Because "Attachment II" is part of the record as an attachment to the complaint, this Court concludes that an evidentiary hearing is not necessary.

V.

In sum, this Court RECOMMENDS that Mr. Rittner's motion for default judgment (doc. #10) be DENIED. Further, Mr. Rittner's motion to determine the status of defendant Sidney Thrower (doc. #24) is GRANTED. Accordingly, Mr. Rittner is given 60 days upon receipt of this Order and Report and Recommendation to provide the Marshals with sufficient information to perfect service on Mr. Thrower, and that such service is to be perfected by the Marshal within 90 days. Finally, Mr. Rittner's motion to order meaningful access to this court (doc. #19), motion for temporary stay of court costs (doc. #25), and motion for evidentiary

hearing (doc. #26) are DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operate as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 f.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge