IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daniel L. Rittner, Sr., :

    Plaintiff, : Case No. 2:05-cv-1041

v. : JUDGE SARGUS

Sidney Thrower, et al., :

    Defendants. :

## OPINION AND ORDER

On April 21, 2006, the Magistrate Judge issued an Order and Report recommending that defendant Jeffrey Wolfe's motion for judgment on the pleadings be granted. Subsequently, the plaintiff, Daniel L. Rittner, a state prisoner, objected to the Magistrate Judge's report. For the following reasons, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety and grants Mr. Wolfe's motion for judgment on the pleadings.

### I.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). *Pro se* complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

### II.

In Mr. Wolfe's motion for judgment on the pleadings, Mr. Wolfe claims that Mr. Rittner failed to fully exhaust all claims alleged in the complaint. The Magistrate Judge, after reviewing all allegations in the complaint, agreed that Mr. Rittner failed to exhaust all administrative

remedies as to each claim. The Report and Recommendation states, in pertinent part:

> Under the total exhaustion rule, Mr. Rittner must exhaust all available administrative remedies to each and every claim alleged in the complaint in order for the case to proceed. Jones Bey, 407 F.3d 801. As noted, *supra*, Mr. Rittner attached what appear to be grievances and responses between him and the chief inspector concerning Mr. Rittner's retaliation and denial of access to the courts claims. It is not clear that Mr. Rittner successfully exhausted all administrative remedies to those two claims. Assuming, *arguendo* that he was successful, however, nowhere in the complaint or attached to the complaint are there any grievances or communications indicating that Mr. Rittner exhausted all administrative remedies for his denial of medical treatment claims.
>
> Mr. Rittner attached to his complaint ten specific instances where he was allegedly denied medical treatment. Mr. Rittner claims that, because of the prison's failure to treat him for these medical conditions, his Eighth Amendment rights were violated. See complaint at ¶1. Accordingly, under the PLRA, Mr. Rittner is required to exhaust all administrative remedies to each of those ten claims, and attach, when available, the disposition of those grievances. See Brown, 139 F.3d at 1104. Mr. Rittner has neither alleged nor demonstrated, either through explanation or by attaching the grievances and dispositions, that he filed ten separate grievances and those grievances were exhausted under Ohio Administrative Code 5120-9-31. Thus, Mr. Rittner has failed to exhaust all administrative remedies to each of the ten alleged denials of medical treatment.

(Order and Report and Recommendation at p. 8.) Mr. Rittner objected to this conclusion and claimed that the Magistrate Judge read the complaint "too liberally." Specifically, Mr. Rittner states:

> Plaintiff FIRST states that the complaint concerns only one complaint, that of the Defendant's action of placing Plaintiff in segregation and subsequent transfer to Maximum Mental Health Facility.
>
> SECOND, the remander [sic] of complaint [sic] are for REFERENCE purposes ONLY.
>
> Third, Plaintiff HAS EXHAUSTED ALL COMPLAINT THAT

2

> HE NOTED IN COMPLAINT [sic]. AND DUE SOLEY [sic] TO
> INDIGENCY, PLAINTIFF IS PERSENTLY [sic] DENIED access
> to this Court. He Cannot make copies of the exhausted
> administrative remedies.
>
> \*\*\*
>
> Plaintiff attests hereto that ALL pleadings in the Attachment II
> ARE Exhausted.
>
> \*\*\*
>
> Plaintiff moves This Court to order meaningful access to This
> Court by the Defendants by providing the Cost to make copies of
> the 24 other exhausted complaints and provide supplies and
> postage to mail to the Court.

(Plaintiff's Objection to the Magistrate Judge's Report and Recommendation at pp. 1-3 (emphasis in original).)

After reviewing the complaint, this Court agrees with the Magistrate Judge's report that Mr. Rittner failed to exhaust all administrative remedies in violation of the "total exhaustion rule" as established in Jones Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). As evidence of this, the first paragraph of the complaint states (reproduced verbatim) that

> [t]his action brought by an Ohio State Prison inmate, will show
> that the Defendants knowingly and willfully violated his personal
> rights and denied and/or impeded access to the courts in violation
> of the U.S. Constitutional Amendments 1, 14, and his liberty
> interest is violated in denied treatment for serious medical needs,
> with deliberate indifference, in violation of the U.S. Constitutional
> Amendment 8 and the Defendants did retaliate against the Plaintiff
> for his attempt[s] to exercise their U.S. Constitutional rights.

(Complaint at ¶1.)

Based on the allegations in the first paragraph of the complaint, Mr. Rittner clearly is alleging at least three separate constitutional claims: denial of access to the courts, retaliation and denial of medical care. Furthermore, even in Mr. Rittner's objection to the Magistrate Judge's report, Mr. Rittner claims retaliation and a denial of access to courts. However, nowhere in the complaint, or even attached to the objection, does Mr. Rittner provide the required documented

proof that he exhausted all administrative remedies associated with each of these three claims. See Brown v. Toombs, 139 F.3d 1102, 1004 (6th Cir. 1999). Accordingly, Mr. Rittner failed to exhaust all administrative remedies to every claim alleged in the complaint to satisfy Jones Bey.

In sum, accepting all allegations in Mr. Rittner's complaint as true, the Court concludes that Mr. Wolfe is clearly entitled to judgment because Mr. Rittner failed to exhaust all administrative remedies, and, under the "total exhaustion rule," the entire complaint must be dismissed.

III.

This Court adopts the Magistrate Judge's Report and Recommendation (doc. #48) in its entirety. Mr. Rittner's Objection to the Magistrate Judge's Report and Recommendation (doc. # 53) is OVERRULED. Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

Date: 5-24-2006

Edmund A. Sargus, Jr.
United States District Judge

4